_____

Nos. 95-1341/1347/1354/
1356/1362/1369/1372
_____

Melvin Leroy Tyler, et al.,          *
                                     *
                Appellants,          *    Appeals from the United States
                                     *    District Court for the Eastern
     v.                              *    District of Missouri.
                                     *
John Ashcroft, et al.,*              *    [UNPUBLISHED]
                                     *
                Appellees.           *
                            _____

           Submitted:  December 20, 1995

             Filed:  January 8, 1996
                            _____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                            _____

PER CURIAM.


     Inmates at the Farmington Correctional Center (FCC) filed a 42
U.S.C. § 1983 action claiming prison officials were deliberately
indifferent to their right to be free from an unreasonable risk of
exposure to tuberculosis and the AIDS virus, in violation of their
Eighth Amendment rights.  The inmates want injunctive relief,
compensatory damages, and a jury trial.


     The district court referred the matter to a magistrate judge
to conduct a hearing and recommend a disposition of all equitable
claims and to determine whether any inmate could survive a motion
for judgment as a matter of law on his damages claim.  The
magistrate judge directed each inmate to file a list of witnesses

---

     *An official caption containing a complete list of parties is
on file and available for inspection in the Office of the Clerk of
the Court, United States Court of Appeals for the Eighth Circuit.

and exhibits and a summary of his testimony. Notwithstanding virtually every inmate's request to call the prison officials as witnesses, the magistrate judge allowed the inmates to present only the testimony of themselves and three non-party witnesses. After a six-day evidentiary hearing, the district court adopted the magistrate judge's recommendations.

The district court denied injunctive relief. The district court concluded the preventive measures taken since the FCC instituted its policy of annual tuberculosis testing in May 1993 were sufficient to identify and treat those with infectious tuberculosis. Thus, the inmates had failed to establish a threat of irreparable harm of contracting tuberculosis. The district court also concluded the inmates failed to prove the population in general or any inmate in particular faced an excessive risk of exposure to the AIDS virus. After careful review, we conclude the district court did not abuse its discretion in denying injunctive relief.

After refusing to allow the inmates to call the prison officials as witnesses, the district court rejected the inmates' tuberculosis-related damages claims, which predate the FCC's policies for controlling contagious diseases, because the prison officials were unaware inmates faced an excessive risk of exposure to tuberculosis. We believe the district court committed error in excluding the prison officials. The district court's ruling simply made it impossible for the inmates to show a set of facts under which the prison officials displayed deliberate indifference. Likewise, the prison officials failed to support their qualified immunity defense by showing their actions were objectively reasonable. Thus, the district court committed error in holding the prison officials were entitled to qualified immunity on the tuberculosis damages claims. As for the inmates' risk of contracting the AIDS virus, we agree with the district court's conclusion that no reasonable juror could find any prison official

liable for damages because the AIDS virus was not sufficiently prevalent to constitute an unsafe life-threatening condition.

The inmates also challenge the dismissal of other claims which we need not discuss in detail. We affirm the dismissal of the other claims and the denial of motions for consolidation, costs, and appointment of counsel.

We thus affirm in part, reverse in part, and remand for further proceedings on the tuberculosis damages claims.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.